

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**DANVILLE/URBANA DIVISION**

| | |
|---|---|
| **C.K., by NORMAN and MARI K., Individually and as his Parents and Next Friends,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>vs. )<br>)<br>**ST. ANNE COMMUNITY HIGH SCHOOL DISTRICT NO. 302 and ILLINOIS STATE BOARD OF EDUCATION,** )<br>)<br>)<br>)<br>**Defendants.** ) | **Case No. 04-2128** |

**ORDER**

Plaintiffs brought this action under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.*, against St. Anne Community High School District No. 302 and the Illinois State Board of Education. Plaintiff C.K. is a fifteen year old student with dyslexia, dysgraphia, memory deficits, and other learning disabilities. Judge McDade previously entered an order (#11), in accordance with the decision of Independent Hearing Officer Dr. Marie A. Bracki, that the Acacia School, which C.K. is now attending, was the appropriate stay put placement pursuant to § 1415(j) of the IDEA. This decision is currently on appeal to the Seventh Circuit Court of Appeals. Subsequently, on October 19, 2004, Dr. Bracki determined that C.K.'s appropriate educational placement was St. Anne Community High School, thus changing C.K.'s educational placement from Acacia School. On November 1, 2004, Dr. Bracki issued a clarification of her order which did not alter the change of placement. On January 8, 2005, Plaintiffs filed an Amended

Complaint (#22) seeking to overturn Dr. Bracki's decision. Plaintiffs have now filed a Motion for Temporary Restraining Order (#33) to enforce the stay put order issued by Dr. Bracki and the order issued by Judge McDade which requires placement of C.K. at Acacia Academy at public expense during the pendency of this matter. Plaintiffs allege in the motion that the District has not provided transportation to Acacia for C.K. nor has the District paid C.K's tuition at Acacia as required by these orders. According to the motion, C.K.'s parents have had to transport him to school and have been paying C.K's tuition at Acacia. This court held a hearing on the motion for temporary restraining order on February 17, 2005.

On January 28, 2005, the District filed a Motion to Determine Stay Put Placement (#26) and a Memorandum in Support (#27). In its motion, the District argues that C.K.'s stay put placement is St. Anne Community High School because C.K.'s parents failed to request a stay of change of educational placement within 30 days of Dr. Bracki's clarification order of November 1, 2004. In support of this argument, the District cites the following Illinois statute:

> If the hearing officer orders a change in the eligibility, educational placement, or special education and related services of the student, that change shall not be implemented until 30 days have elapsed following the date the hearing officer's decision is mailed to the parties in order to allow any party aggrieved by the decision to commence a civil action to stay implementation of the decision.

105 ILCS 5/14-8.02a(j). The District argues that because C.K.'s parents did not appeal Dr. Bracki's decision by December 1, 2004, thirty days from the date she issued her clarification order, they are barred by the statute from seeking a stay of change of educational placement. According to the District, filing the appeal within 30 days of the hearing officer's order is a condition of invoking a

stay put placement.

The issue of whether the 30 day limitation period set forth in the Illinois statute governs cases brought under the IDEA was examined in the case of Beth B. v. Van Clay, 126 F. Supp. 2d 532 (N.D. Ill. 2000). In a nearly identical situation as that presented in the instant case, the defendant argued that because the parents failed to request a stay of judgment within 30 days, the stay put placement for the plaintiff student was the educational placement proposed by the defendant district. The court noted that the 30 day limitation was difficult to square with section 14-8.02(a)(i) of the Illinois School Code which states:

> Any party to an impartial due process hearing aggrieved by the final written decision of the impartial due process hearing officer shall have the right to commence a civil action with respect to the issues presented in the impartial due process hearing. That civil action shall be brought in any court of competent jurisdiction within 120 days after a copy of the decision of the impartial due process hearing officer is mailed to the party as provided in subsection (h). The civil action authorized by this subsection shall not be exclusive of any rights or causes of action otherwise available.

105 ILCS 5/14-8.02a(i). The court noted that a claim under the IDEA relates to federal rights, and "[a] state limitation governs only if it is borrowed as the nearest analogous limitations period in the absence of a federal limitations provision." Beth B., 126 F. Supp. 2d at 534. As the court noted in Beth B., the Seventh Circuit has previously held that Illinois' 120 day limitation period should be borrowed to govern IDEA claims. Beth B., 126 F. Supp. 2d at 534, citing Dell v. Bd of Educ., Township High Sch. Dist. 113, 32 F.3d 1053, 1059-60 (7th Cir. 1994). The court further noted that

there "has been no suggestion that forfeiture of federal rights, unless parents go into court within a month, is consistent with federal law and policy." Beth B., 126 F. Supp. 2d at 534.

This court has carefully considered the arguments of counsel, the motion for temporary restraining order and the briefs filed by the parties with regard to the motion to determine stay put placement. This court agrees with the reasoning of the court in Beth B. The IDEA provides that a disabled child, during the pendency of proceedings such as those before this court, "shall remain in the then-current educational placement of such child" unless the parties agree otherwise. 20 U.S.C. § 1415(j). With regard to stay put placement, 34 C.F.R. § 300.514 states that "during the pendency of any administrative proceeding regarding a complaint under § 300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement." To require C.K. to leave the Acacia school prior to this court's determination as to whether Dr. Bracki's decision was in error under the statute would run counter to the purposes of the IDEA and stay put placement, which ensures continuity in the education of those children covered by the statute. Accordingly, Plaintiffs' Motion for Temporary Restraining Order (#33) is GRANTED and Defendants' Motion to Determine Stay Put Placement (#26) is DENIED. The District is hereby ordered to comply with the stay put placement previously ordered by Judge McDade until such time as the Seventh Circuit Court of Appeals or this court finds otherwise. The court will not at this time order any action by the Illinois State Board of Education. Any failure by the School District to comply with this order can be addressed by this court.

IT IS THEREFORE ORDERED:

(1) Plaintiffs' Motion for Temporary Restraining Order (#33) is GRANTED.

(2) Defendants' Motion to Determine Stay Put Placement (#26) is DENIED.

ENTERED this <u>17th</u> day of February, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF JUDGE