UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **Casey K., by NORMAN and MARI K.,** ) | |
| **Individually and as his Parents and Next** ) | |
| **Friends,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Case No. 04-2128** |
| ) | |
| **ST. ANNE COMMUNITY HIGH SCHOOL** ) | |
| **DISTRICT NO. 302 and ILLINOIS STATE** ) | |
| **BOARD OF EDUCATION,** ) | |
| ) | |
| **Defendants.** ) | |

_____

**OPINION**
_____

This matter is currently before the court on a Motion in Limine or for Clarification of Discovery (#70) and a Motion for Protective Order (#73), both filed by Defendant St. Anne Community High School District No. 302 ("District"). In its Motion in Limine or for Clarification of Discovery, the District asks that this court: (1) bar Jean Kulczyk, an educational expert, from performing an assessment as to the success of the Wilson reading program in educating Casey or testifying regarding such an assessment; and (2) bar any follow up evaluation by Dr. Rudy Lorber as to Casey's progress in the Wilson reading program.

In its Order (#59) setting forth the boundaries of discovery in this matter, this court previously stated:

> Plaintiffs further seek to introduce documentation that the Wilson Reading
> System, a teaching system employed at the Acacia school, has been successful

in educating Casey. Plaintiffs seek to introduce this evidence to refute assertions by the District that the Wilson program has not been adequate, and thus Acacia is not an appropriate placement for Casey. This evidence reflects Casey's progress since the hearing before the IHO. Because this evidence concerns "relevant events occurring subsequent to the administrative hearing," the court believes it will be of assistance in making a determination as to the merits of this case and finds it admissible. Burlington, 736 F.2d at 790.

This court further allowed "both the District and Plaintiffs to offer evidence supplied by experts as to the suitability of the programs proposed by the District for Casey."

The District seizes on the word "documentation" in the court's order, arguing any evidence submitted other than in documentary form should be barred, thus precluding any expert analysis of Casey's progress at Acacia as a result of the Wilson reading program. However, the District's reading is untenable. This court agrees with Plaintiffs that it would be difficult to determine the success of the Wilson reading program in educating Casey without actual testing of the level of progress Casey has experienced since engaging in the Wilson program. This court further agrees with Plaintiffs that expert testimony regarding Casey's progress at Acacia bears on the suitability of the District's proposed programs for Casey. Therefore, the District's Motion in Limine or for Clarification of Discovery is DENIED.

In its Motion for Protective Order, the District seeks resolution of two areas in which the parties cannot agree as to this court's previous order allowing both the District and Plaintiffs to offer evidence supplied by experts as to the suitability of the programs proposed by the District for Casey. These two disputes are: (1) whether the parties' experts should conduct their classroom observation

simultaneously or independently; and (2) whether Plaintiffs' expert should be permitted to observe the classroom Casey would have attended in his freshmen year as well as the classroom Casey would be placed in for his current sophomore year. As concerns whether the experts should observe the classroom simultaneously, the District argues that all variables should be eliminated so that the experts are reporting on the identical situation. Plaintiffs respond by arguing that placing two experts in the same classroom at the same time would create a "battle of the experts" in the classroom. Plaintiffs assert this "battle of the experts" would distract each expert in performing their evaluations, encourages subjectivity, will likely draw staff into conflict, and will distract students in the classroom. This court has carefully considered the arguments of the parties and agrees with the District. By having each party's expert observe simultaneously, all variables will be eliminated in comparing the two analyses. This court finds that the speculative problems asserted by Plaintiffs are not sufficient to overcome the benefits of having two analyses performed under identical circumstances. Therefore, this portion of the District's Motion for Protective Order is GRANTED. As concerns the dispute regarding observation of the classes Casey would have attended had he attended the District school rather than Acacia during his freshman year, this court also agrees with the District. This court finds that an observation of the District's proposed placement for the current year is sufficient to aid this court in making a determination in this matter. Therefore, this portion of the District's Motion for Protective Order is also GRANTED. This court will not force the parties to have the observation done on a certain date as proposed by the District because the court is confident in light of its ruling that the parties can come to an agreement on this simple issue.

IT IS THEREFORE ORDERED:

(1) The District's Motion in Limine or for Clarification of Discovery (#70) is DENIED.

(2) The District's Motion for Protective Order (#73) is GRANTED.

ENTERED this 4th day of October, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE